IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILSON LAWSON, | § | |
| TDCJ-CID NO.534766, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3543 |
| | § | |
| DOUG DRETKE, Director of the Texas | § | |
| Department of Criminal Justice-Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Wilson Lawson, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the length of his incarceration. After reviewing the pleadings, the Court will dismiss the habeas petition because the petitioner's claims are time-barred, unexhausted, and frivolous.

I.     BACKGROUND

In December 1989, petitioner was convicted of robbery in the 174th State District Court of Harris County, Texas in cause number 551171. Punishment was assessed at twenty years confinement in TDCJ-CID. In September 1992, while on parole, petitioner committed a new criminal offense. His parole was revoked and in February 1993, he was convicted of sexual assault in the 248th State District Court of Montgomery County, Texas in cause number 92-11-01009-CR. Punishment was assessed on the sexual assault conviction at fifteen years confinement in TDCJ-CID, to run consecutive to the sentence in cause number 551171. (Docket Entry No.2). Petitioner is currently serving the twenty-year sentence in cause number 551171. (Docket Entry No.7).

Petitioner filed a state habeas application in the 248th State District Court on November 4, 2004, which the Texas Court of Criminal Appeals denied on October 5, 2005, without written order on the trial court's findings without a hearing. (*Id.*, Exhibit C); Texas Court website.[1]

Petitioner filed the pending federal petition for a writ of habeas corpus with this Court on October 5, 2005.[2] Therefore, the petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner does not challenge his convictions or sentences in the pending habeas petition. Instead, petitioner complains that TDCJ-CID and the Texas Board of Pardons and Paroles ("Parole Board") have treated his cumulative sentences as a single thirty-five year sentence. Petitioner contends by treating the cumulative sentences as one, TDCJ-CID and the Parole Board have prolonged his parole consideration and incarceration in cause number 551171. Petitioner claims that TDCJ-CID and the Parole Board have miscalculated his parole eligibility release date and the maximum release date, in violation of his rights to due process and equal protection. (Docket Entry No.7). Petitioner also complains that his due process rights under the Fifth and Fourteenth Amendments were violated when TDCJ-CID took away petitioner's parole date set for December 2002, without notice or opportunity to be heard. (*Id.*).

Petitioner indicates that he has attempted to resolve a dispute concerning the maximum release date in cause number 551171 with state authorities as required by state law. The Time Credit

---

[1] *See* http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2212781.

[2] The district clerk actually recorded the petition as filed on October 14, 2005, but petitioner signed the petition on October 5, 2005. For purposes of this action, the Court presumes the petition was filed on the date that petitioner signed it. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam).

Dispute Resolution Department, however, indicates that there is no error in the calculation. Currently, petitioner's maximum release date is set for September 2, 2025. (*Id.*).

II.   DISCUSSION

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's

petition was filed well after that date, the one-year limitations period applies to his claims. *See Flanagan*, 154 F.3d at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *See Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). This Court may therefore properly determine at the outset whether petitioner's petition is timely or not. In this case, the one-year limitation period is calculated from the date on which the facts supporting the claim became known or could have become known. See 28 U.S.C. § 2244(d)(1)(D).

Petitioner's complaint that TDCJ-CID and the Parole Board have treated his cumulative sentence as a single combined sentence is time-barred. In 1997, the Parole Board began recalculating consecutive sentences such that the second sentence began only after the first one had been completed. *Ex parte Kuester*, 21 S.W.3d 264, 265 n.2 (Tex. Crim. App. 2000). Prior to that time, the Parole Board's policy had been to treat all cumulative sentences as a single combined sentence. *Id.* Therefore, at the latest, petitioner knew or should have known the change in the Parole Board's policy with respect to the calculation of cumulative sentences some time in 1997. Petitioner attached to his more definite statement a time-slip dated May 28, 1998, which shows the maximum term of the cumulative sentences to be thirty-five years and the maximum expiration date to be September 2, 2025. (Docket Entry No.7, Exhibit at page 25). Therefore, he was aware in May, 1998, of the calculated term of the cumulative sentences and the maximum release date. Under AEDPA, his time to file a federal petition for writ of habeas corpus expired no later than May, 1999. Petitioner's state habeas application, filed in 2004, does not toll the limitations period because it was filed after the one year limitation period expired. *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir.

2003). Petitioner states no grounds for statutory or equitable tolling of the limitations period with respect to this claim. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).

Petitioner's complaint that TDCJ-CID and the Parole Board have prolonged his parole consideration and incarceration in cause number 551171 by miscalculating his parole eligibility release date and the maximum release date is time-barred, unexhausted, and legally frivolous. In 2000, the Texas Court of Criminal Appeals held that under section 508.150 of the Texas Government Code, an inmate serving a consecutive sentence is entitled to a parole review to determine whether he would have been released on parole had he only been sentenced to the term under consideration. *Ex parte Kuester*, 21 S.W.3d at 270 (holding "[i]n order for his sentence to cease to operate, a parole panel must designate the date that the inmate was approved for parole and would have been released to parole but for the second consecutive sentence"). "Only after the inmate has served or earned the right to parole on each of his sentences, including his final sentence, is he eligible for actual release on parole." *Cain v. Texas Board of Pardons and Paroles*, 104 S.W.3d 215, 217 (Tex. App.–Austin 2003, no pet.); TEX. GOV'T CODE ANN. § 508.150(b), (c) (Vernon 2004).

Under AEDPA, petitioner's time to file a federal petition for writ of habeas corpus, complaining that he had been denied such review in cause number 551171, expired sometime in 2001, a year after the opinion in *Kuester* issued. Petitioner's state habeas application, filed in 2004, does not toll the limitations period because it was filed after the one year limitation period expired. *Egerton*, 334 F.3d at 435. Again, petitioner fails to state any facts that would give rise to statutory or equitable tolling of the limitations period with respect to this claim. *See Fisher*, 174 F.3d at 714.

5

Moreover, petitioner did not exhaust this claim. Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Under Texas law, it appears that although the decision to parole is within the sound discretion of the Parole Board, complaints regarding the denial of constitutional or statutory rights in consideration of parole may be raised by way of writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *See Ex parte Geiken*, 28 S.W.3d 553, 556-57 (Tex. Crim. App. 2000). Article 11.07 provides that "[a]n application for writ of habeas corpus filed after final conviction in a felony case, other than a case in which the death penalty is imposed, must be filed with the clerk of the court in which the conviction being challenged was obtained, and the clerk shall assign the application to that court." TEX. CODE CRIM. PROC. art. 11.07, §3(b) (Vernon 2005); *see also Ex parte Burgess*, 152 S.W.3d 123 (Tex. Crim. App. 2004). In the pending petition, petitioner challenges parole consideration in cause number 551171 from a conviction in the 174th State District Court of Harris County, Texas. Petitioner, however, filed his state habeas application in the 248th State District Court of Montgomery County, Texas, where he was convicted for sexual assault in cause number 92-11-01009-CR. Petitioner asserted the following grounds for relief in the application before the 248th State District Court: "a. 'Improper and Illegal Sentence in Reference to Stack Sentences,' b. 'Improper Revocation of Projective Release Date Under Mandatory Supervision Laws.' [App. at 7, verbatim]" (Docket Entry No.7, Exhibit C). The 248th State District Court did not make findings of fact or issue conclusions of law with respect to petitioner's claims

in cause number 551171 except to note that his sentence in cause number 92-11-01009-CR is being treated as cumulative to cause number 551171 and that he has presented no proof that TDCJ has classified him as serving time on an aggravated or 3g offense in either case. (Docket Entry No.7, Exhibit C). The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing. (Docket Entry No.7). Petitioner does not indicate that he has filed a state habeas application in the 174th State District Court.

Even if this claim was not time-barred and petitioner had exhausted his state remedy, petitioner would not be entitled to federal habeas relief. Petitioner acknowledges that he has been considered for parole with respect to his sentence in cause number 551171 at least five times since June 14, 1997. (Docket Entry No.7). He was last denied release on parole in December 2004. (*Id.*). A letter dated January 3, 2005, from Paul Wilder of the Classification and Records Correctional Institutions Division of TDCJ, which petitioner attached to his more definite statement, states that "Cause #551171 is eligible for parole and submitted for Parole Division vote." (*Id.*, Exhibit D). The letter further reflects that petitioner has been denied parole on May 14, 1987, September 18, 1998, and September 2, 1999. (*Id.*). On December 1, 2004, "a records adjustment was made correcting the cease to operate date on cause # 551171 to 9-2-10." (*Id.*). Wilder concludes that "[t]he offender remains in custody without a scheduled mandatory supervision date and a 9-2-25 maximum expiration date and currently parole eligible at the discretion of the Parole Division on cause #551171 of cumulative sequence." (*Id.*). Based on petitioner's own record, TDCJ-CID has complied with state law. Petitioner states no facts that would give rise to a due process or equal protection violation.

Petitioner's claim that his due process rights under the Fifth and Fourteenth Amendments were violated when TDCJ-CID took away petitioner's parole date in cause number 551171, set for December 2002, without notice or opportunity to be heard, is also unexhausted. Petitioner does not indicate that he has raised this claim by state habeas application before filing the pending petition.

## III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir.2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that jurists of reason would find debatable the Court's procedural ruling. Therefore, a certificate of appealability from this decision will not issue.

IV.     CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Petitioner's application to proceed *in forma pauperis* (Docket Entry No.6) is GRANTED.

2. Petitioner's habeas petition is DENIED.

3. Petitioner's claims are DISMISSED, with prejudice.

4. A certificate of appealability is DENIED.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on June 7, 2006.


                                                    _____
                                                    MELINDA HARMON
                                                    UNITED STATES DISTRICT JUDGE